## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard Jackson, | Case No. 19-CV-1256 (PJS/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Andrew Saul, Commissioner of Social Security; and U.S. Department of Treasury, | |
| Defendants. | |

Plaintiff Howard Jackson has moved for a default judgment in this action pursuant to Rule 55 of the Federal Rules of Civil Procedure. [Doc. No. 11.] The Court recommends that the motion be denied. Default is available only against a defendant who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Jackson has not provided evidence that the summons and complaint have yet been served in this matter in the manner prescribed by Fed. R. Civ. P. 4(i), which governs service of process on the United States, its agencies, officers, and employees. In any event, service of process could not possibly have been properly effected prior to June 28, 2019, when the summons was issued. Even if service had been properly effected on the exact date that the summons was issued (which is highly unlikely, given the requirements of Rule 4(i)), Defendants would not be required to respond to or otherwise defend against the complaint until 60 days thereafter, or on August 27, 2019. *See* Fed. R. Civ. P. 12(a)(2).

1

Defendants are therefore not yet in default; the motion for a default judgment should be denied.

Jackson is cautioned that, by presenting a signed document to the Court, he is certifying that the claims or legal contentions in that document "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).  Not only do the Federal Rules of Civil Procedure make clear that Jackson's motion for default judgment is premature, but the summons issued in this case (a document attached by Jackson himself to his motion for a default judgment) explains in plain language that agencies, officers, and employees of the United States are afforded 60 days *after service has been effected* to respond to a pleading.  (Mot. Default J. at 5.)  Jackson's motion for a default judgment has no arguable basis in law or in fact and is thus frivolous.  The further filing of frivolous or malicious documents by Jackson in this proceeding could result in a recommendation of sanctions being imposed against him.

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein**, IT IS HEREBY RECOMMENDED** that Plaintiff Howard Jackson's Motion for Default Judgment [Doc. No. 11] be **DENIED**.

Dated: July 29, 2019

    s/Hildy Bowbeer
    Hildy Bowbeer
    United States Magistrate Judge

2

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).